

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# Pardini v. Alghny Intermediate

Precedential or Non-Precedential: Precedential

Docket No. 07-1403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pardini v. Alghny Intermediate" (2008). *2008 Decisions.* Paper 1095.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1095

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 07-1403

—————

DAVID AND JENNIFER PARDINI,
on behalf of themselves and on behalf
of their minor child, GEORGIA PARDINI,

Appellants

v.

ALLEGHENY INTERMEDIATE UNIT;
BARBARA MINZENBERG, Program Director

—————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 03-00725)
Honorable Thomas M. Hardiman, District Judge

—————

Argued March 6, 2008

—————

BEFORE:  FISHER, GREENBERG, and ROTH, Circuit Judges

(Filed:  May 12, 2008)

—————

David D. Pardini (argued)
3256 Waltham Ave.
Pittsburgh, PA 15216

Attorney for Appellants

1

William C. Andrews
Christina Lane (argued)
Andrews & Price
1500 Ardmore Blvd.
Suite 506
Pittsburgh, PA 15221

        Attorneys for Appellee

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.


I.  FACTS AND PROCEDURAL HISTORY

        This matter comes on before this court on appeal from an order entered in the District Court on January 12, 2007, denying plaintiffs David Pardini and his wife Jennifer Pardinis' motion seeking attorney's fees in a lawsuit which they filed on behalf of themselves and their daughter Georgia Pardini pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et seq. ("IDEA").  Specifically, the Pardinis seek attorney's fees for David Pardini, an attorney who has represented his family in its dispute with defendants, Allegheny Intermediate Unit ("AIU") and Barbara Minzenberg, its program director, concerning services defendants were required to provide to Georgia Pardini pursuant to the IDEA.  For the reasons that we will discuss, we will affirm the District Court's order denying the Pardinis' motion for attorney's fees.

        Inasmuch as we described the factual background of this case in our earlier opinion in this litigation, Pardini v. Allegheny Intermediate Unit, 420 F.3d 181 (3d Cir. 2005), we will set forth only the facts necessary for disposition of the present appeal. Georgia Pardini, who was born on April 18, 2000, suffers from cerebral palsy.  After her first birthday, the Alliance for Infants and Toddlers ("AIT") began supplying Georgia with services

2

pursuant to an Individualized Family Service Plan ("IFSP"), in accordance with the requirements of the IDEA. The IDEA further requires that a child receiving services pursuant to an IFSP transition to an Individualized Education Program ("IEP") when she reaches the age of three. To prepare for the transition, the AIU evaluated Georgia to determine what services it should include in the new IEP. After it conducted its evaluation, the AIU provided an IEP for Georgia's parents to review and sign.

David and Jennifer Pardini refused to sign the IEP, however, because it did not include what is known as conductive education for Georgia, a service she had been receiving pursuant to her IFSP. The AIU, in turn, refused to change the IEP to include conductive education for Georgia. The Pardinis and the AIU continued to disagree, and, as a consequence, the AIU terminated all of Georgia's services four days after her third birthday. The Pardinis responded to the AIU's termination of services with a letter demanding that it reinstate the services pursuant to the "stay-put" requirement of 20 U.S.C. § 1415(j).

As the parties sought to resolve their dispute through an administrative due process hearing, on May 21, 2003, the Pardinis filed this action in the District Court seeking an order requiring the AIU to continue providing interim services to Georgia. On May 30, 2003, the District Court denied the Pardinis' motion for a preliminary injunction, and on August 29, 2003, the District Court denied the Pardinis' claim for a permanent injunction against the AIU. Pardini v. Allegheny Intermediate Unit, 280 F. Supp. 2d 447 (W.D. Pa. 2003). The Pardinis then appealed.

On August 29, 2005, we reversed the District Court's denial of the Pardinis' claim and remanded the case "for the court to determine the amount of reimbursement the Pardinis are entitled to as well as the amount of any attorneys fees." Pardini, 420 F.3d at 192. The AIU filed a petition for rehearing but on October 5, 2005, we denied the petition. On October 13, 2005, we entered a judgment in lieu of a formal mandate vacating the District Court's denial of the Pardinis' claim and "remand[ing] [the matter] to the District Court for proceedings consistent with

3

this opinion." Judgment (October 13, 2005).

The Pardinis subsequently filed a motion in the District Court seeking attorney's fees. On August 18, 2006, the magistrate judge issued a memorandum recommending denial of the motion. Pardini v. Allegheny Intermediate Unit, Civ. No. 03-725, 2006 WL 3940563 (W.D. Pa. Aug. 18, 2006). The Pardinis filed objections with the District Court, but on January 12, 2007, the District Court rejected the Pardinis' objections and adopted the magistrate judge's findings and conclusions denying their motion for attorney's fees. Pardini v. Allegheny Intermediate Unit, Civ. No. 03-725, 2007 WL 128875 (W.D. Pa. Jan. 12, 2007). The Pardinis now appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over this case pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's denial of attorney's fees for an abuse of discretion. See P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006). There is "[a]n abuse of discretion . . . when a district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Id. (internal quotation marks omitted). "However, if the District Court denied the fees based on its conclusion on questions of law, our review is plenary." Id.

## III. DISCUSSION

The Pardinis seek attorney's fees pursuant to the IDEA, which provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

4

In Woodside v. School District of Philadelphia Board of Education, 248 F.3d 129 (3d Cir. 2001), we addressed almost the same question that we now address, i.e., "whether [20 U.S.C. § 1415(i)(3)(B)] authorizes an award of attorney fees to an attorney-parent who represented his child in administrative proceedings under the IDEA." Woodside, 248 F.3d at 130. The only difference between this case and Woodside is that in this case the application for attorney's fees is for the attorney-parent's representation of his child in both administrative and federal court proceedings. The plaintiff in Woodside, a licensed Pennsylvania attorney, was the father of a child who had a condition called Klinefelter Syndrome. Id. The plaintiff requested an administrative due process hearing to determine whether the school district in which his son was enrolled was providing adequate services for the child's disabilities as required by the IDEA. Id. The plaintiff represented his son during the hearing, which lasted seven sessions over a period of three months. Id. After the hearing, the school district was ordered to provide the relief which the plaintiff sought. Id. The plaintiff then filed suit in the district court pursuant to the IDEA against the school district for attorney's fees that he claimed to have earned in representing his son in proceedings under the IDEA. Id.

On appeal, we addressed whether the IDEA's provision for attorney's fees applied to attorney-parents representing their children in administrative proceedings brought pursuant to the statute. Id. In doing so, we discussed the Court of Appeals for the Fourth Circuit's opinion in Doe v. Board of Education of Baltimore County, 165 F.3d 260 (4th Cir. 1998), and the Supreme Court's opinion in Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435 (1991). The court of appeals in Doe denied attorney's fees to attorney-parents in IDEA cases, reasoning that "'fee-shifting statutes are meant to encourage the effective prosecution of meritorious claims,'" "'they seek to achieve this purpose by encouraging parties to obtain independent representation,'" and "'[l]ike attorneys appearing pro se, attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather than emotion will dictate the conduct of the

5

litigation.'" Woodside, 248 F.3d at 131 (quoting Doe, 165 F.3d at 263 (internal quotation marks omitted)). We also noted the Supreme Court's statement in Kay that "'[t]he statutory policy of furthering the successful prosecution of meritorious [civil rights] claims is better served by a rule that creates an incentive to retain [independent] counsel,' rather than a rule that creates an incentive to represent one's self." Id. (quoting Kay, 499 U.S. at 438, 111 S.Ct. at 1438). Following the reasoning in both Doe and Kay, we concluded in Woodside that "an attorney-parent cannot receive attorney fees for work representing his minor child in proceedings under the IDEA." Id.

Notwithstanding Woodside the Pardinis offer three arguments in support of their argument seeking reversal of the District Court's denial of attorney's fees. First, they argue that in our earlier decision remanding this case to the District Court, we instructed the court to "determine the amount of reimbursement the Pardinis are entitled to as well as the amount of any attorneys fees," Pardini, 420 F.3d at 192, and that our instruction constitutes a decision by this Court that they are entitled to attorney's fees. Second, they argue that Woodside should be distinguished from the present case because the attorney-parent in Woodside sought attorney's fees only for work performed during administrative proceedings whereas the Pardinis seek fees for work performed during both administrative proceedings and in this federal court case. Third, they argue that inasmuch as our earlier decision in this case conflicts with Woodside, we should follow our earlier Pardini decision as the governing precedent rather than Woodside. In addition to their arguments with respect to attorney's fees, the Pardinis argue that the District Court erred in not allowing them to recover costs that they paid for services for Georgia Pardini other than the costs for conductive education. For reasons that we will explain, we find none of these arguments to be persuasive.

A.    Whether Our Earlier Decision in This Case Decided the Issue of Whether the Pardinis Are Entitled to Attorney's Fees

The most difficult issue on this appeal concerns the application of our disposition of the Pardinis' first appeal and thus we begin our discussion of the merits of this appeal by addressing the scope of our decision remanding this case to the District Court. "It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985). "A trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Id. "The mandate and the opinion must be considered together in their entirety with particular reference to the issues considered." Id. at 950. "From the proposition that a trial court must adhere to the decision and mandate of an appellate court there follows the long-settled corollary that upon remand, it may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." Id.

Application of the rules usually governing remands might pose a problem if our first Pardini opinion was inconsistent with Woodside but we are satisfied that Woodside and our mandate on the first Pardini appeal are not inconsistent. We have reached this conclusion because taken together, our instructions to the District Court and the circumstances of our decision did not require that the District Court grant the Pardinis attorney's fees but rather required that it address and decide the issue of whether the fees should be allowed. The District Court's August 29, 2003 decision – which we reviewed and ultimately reversed – did not decide whether the Pardinis were entitled to attorney's fees because the District Court's denial of their claim had rendered that issue moot. Accordingly, not until we reversed the District Court and remanded the case to that court was it confronted with the issue of whether to allow attorney's fees, and thus it is only on the present appeal that we have been constrained to consider whether they be awarded.

Although the Pardinis are correct that in our earlier decision we discussed the issue of attorney's fees, our discussion

7

was preliminary, leaving much for the District Court to address. Indeed, the discussion appears exclusively in footnote 4, which in full states:

> At oral argument, the parties informed the court that the Pardinis eventually agreed to an IEP that did not include conductive education. However, since we conclude that Georgia was entitled to receive conductive education as a part of Georgia's IEP until the dispute was resolved, they are entitled to reimbursement of the out-of-pocket expense resulting from the AIU's failure to comply with 20 U.S.C. § 1415(j) as well as reasonable attorneys' fees.
>
> We do not think that Mr. Pardini is precluded from recovering reasonable attorneys' fees otherwise provided for under the IDEA merely because he is seeking reimbursement for his own expenses while representing his daughter. In Zucker v. Westinghouse, 374 F.3d 221, 227 (3d Cir. 2004) we recognized that, absent an expression of congressional intent to the contrary, a plaintiff's entitlement to attorneys' fees is not eliminated merely because he/she was pro se counsel. Although we were there discussing the right of a pro se plaintiff in a shareholder's derivative action, that conclusion is not limited to that specific type of action. Since Mr. Pardini requested 'such other relief as the Court deems fitting and proper,' in his complaint, he is entitled to recover reasonable attorneys' fees to the extent that he is the prevailing party.

Pardini, 420 F.3d at 183 n.4.

Although we understand why the Pardinis might construe these statements as constituting a decision directing an award of attorney's fees, a close reading of it shows that the footnote

8

offers nothing more than preliminary observations. In footnote 4 we cited to Zucker v. Westinghouse Electric, 374 F.3d 221 (3d Cir. 2004), for the proposition that we should look to the relevant statute to determine whether a fee-shifting provision extends to pro se attorneys. Our decision in Zucker, however, shows that the inquiry did not end with that observation because we ultimately denied attorney's fees to the shareholder-objector who sought fees in that case. Indeed, we reached that conclusion only after discussing and adopting the Supreme Court's reasoning in Kay, a case which also guided our decision in Woodside, and after describing Woodside approvingly. See id. at 227-29.

Moreover, we specifically stated in footnote 4 in Pardini that the Pardinis only would be entitled to attorney's fees "otherwise provided for under the IDEA." Pardini, 420 F.3d at 183 n.4. We therefore did not determine whether the IDEA's fee-shifting provision allows the Pardinis to recover attorney's fees and instead left that matter for the District Court to decide on remand. The District Court, in turn, correctly followed our holding in Woodside, where we construed the same fee-shifting provision in the IDEA involved here and concluded that it does not provide for attorney's fees in the case of attorney-parents who represent their children in cases brought pursuant to the IDEA. See Woodside, 248 F.3d at 130 (stating that "[t]he sole issue here is whether [20 U.S.C. § 1415(i)(3)(B)] authorizes an award of attorney fees to an attorney-parent who represented his child in administrative proceedings under the IDEA").

Aside from footnote 4, the only mention of attorney's fees in our earlier Pardini decision appears in the conclusion, which states: "We will therefore reverse the decision of the District Court and remand for the court to determine . . . the amount of any attorneys fees." Pardini, 420 F.3d at 192. The inclusion of the word "any" further supports the view that the grant of attorney's fees was a possibility rather a certainty. That possibility at the very least was contingent on the District Court's determination of whether such fees are "provided for under the IDEA," id. at 183 n.4, an issue that we left to the District Court to decide.

9

B.     Whether <u>Woodside</u> Concerned Representation By an Attorney-Parent in Administrative Proceedings Only

We do not find persuasive the Pardinis' argument that <u>Woodside</u> does not govern this case because the attorney-parent in that case provided representation only in administrative proceedings whereas David Pardini represented the Pardinis in both administrative proceedings and this federal court case. We did not predicate our reasoning in <u>Woodside</u> leading us to conclude that the IDEA did not allow the attorney-parent to recover attorney's fees in representing his minor child on that distinction. Rather, we reached our conclusion based on our observation that "attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather than emotion will dictate the conduct of the litigation,'" and that granting attorney's fees to them would frustrate the fee-shifting provision's purpose of "encourag[ing] the effective prosecution of meritorious claims." <u>Woodside</u>, 248 F.3d at 131 (quoting <u>Doe</u>, 165 F.3d at 263 (internal quotation marks omitted)). The Pardinis fail to offer any explanation for why our concerns in such cases do not apply if there is litigation beyond administrative proceedings. We therefore reject their argument in this respect.

C.     Whether <u>Woodside</u> or <u>Pardini</u> Constitutes the Governing Precedent With Respect to the Issue of Whether an Attorney-Parent May Recover Attorney's Fees Pursuant to the IDEA

Finally, we reject the Pardinis' argument that our first decision in <u>Pardini</u> rather than our still earlier decision in <u>Woodside</u> governs the question of whether an attorney-parent asserting claims pursuant to the IDEA on behalf of his minor child can recover attorney's fees pursuant to the statute. It is clear that even if our decision on the Pardinis' first appeal contravened <u>Woodside</u> by instructing the District Court to grant attorney's fees (which, as we have explained, it did not do), and the District Court by reason of that opinion and the accompanying judgment was required to award David Pardini

10

attorney's fees,[1] we must follow <u>Woodside</u> on this appeal.

Section 9.1 of the Internal Operating Procedures ("IOPs") of the Third Circuit Court of Appeals provides:

> <u>Policy of Avoiding Intra-circuit Conflict of Precedent.</u>
>
> It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so.

Third Circuit IOP 9.1. Accordingly, "[t]his Circuit has long held that if its cases conflict, the earlier is the controlling authority and the latter is ineffective as precedents." <u>United States v. Rivera</u>, 365 F.3d 213, 213 (3d Cir. 2004) (declining to use the standard of review set forth in a case within the circuit because that case "never acknowledged that the precedents [within the circuit] used [a different standard of review]" and did not "explain why [the Court] broke with those precedents"); <u>see also</u> <u>Holland v. N. J. Dep't of Corrections</u>, 246 F.3d 267, 278 (3d Cir. 2001) ("[T]o the extent that [a case within the circuit] is read to be inconsistent with earlier case law, the earlier case law . . . controls"); <u>O. Hommel Co. v. Ferro Corp.</u>, 659 F.2d 340, 354 (3d Cir. 1981) ("[A] panel of this court cannot overrule a prior

---

[1]     Judge Roth does not believe that the District Court on remand would have been compelled to award the fees in view of the fact that <u>Woodside</u> was binding on subsequent panels of this Court and the District Court would have to take account of that fact and rule in a manner that was consistent with Circuit precedent. Moreover, if the case had returned to us on a subsequent appeal, we would have had to overturn the District Court's award of attorney's fees in view of the binding nature of the <u>Woodside</u> decision. Thus, judicial economy would suggest that the District Court on remand rule, as it did, consistently with <u>Woodside</u>.

panel precedent. To the extent that [the later case] is inconsistent with [the earlier case, the later case] must be deemed without effect.") (internal citations omitted).

Clearly our Internal Operating Procedures and precedents provide for an approach which differs from that used in the situation in which there are two irreconcilable statutes in which circumstance the second will be deemed to impliedly repeal the first. Branch v. Smith, 538 U.S. 254, 273, 123 S.Ct. 1429, 1441 (2003). Therefore, inasmuch as our decision in Woodside addressed the same issue which we now face in this case, we are bound by the holding in Woodside regardless of any conflicting language, if there is any, in a subsequent decision by another panel of this Court.[2] Inasmuch as a panel of this Court rather than the Court en banc issued our earlier decision in Pardini, the decision could not overturn our holding in Woodside, even if the panel sought to do that. See Third Circuit IOP 9.1.

In reaching our result we have not overlooked the law of the case doctrine which provides that "one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case." In re City of Phila. Litig., 158 F.3d 711, 717 (3d Cir. 1998). Rather, we recognize that the doctrine does not apply in the extraordinary circumstance when "the earlier decision was clearly erroneous and would create manifest injustice." Id. at 718. Certainly, in view of Woodside if the panel in the original Pardini appeal had intended to award attorney's fees the decision would have been clearly erroneous in light of IOP 9.1 and we would not be required to follow it. In any event, there is at the very least "substantial doubt" that the original Pardini panel decided the attorney's fees issue and thus we are not foreclosed from deciding it. See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 398 (3d Cir. 2003). ("Where there is

_____

[2]Of course, the situation would be different if there was a later statutory change in the controlling statutory law after our earlier opinion or if the Supreme Court filed an opinion inconsistent with our earlier opinion.

substantial doubt as to whether a prior panel actually decided an issue, the later panel should not be foreclosed from considering the issue.").

>    D.      Whether the Pardinis May Recover Costs for
>            Services Other Than Conductive Education

One final matter remains.  The Pardinis argue that the District Court erred in not allowing them to recover costs that they paid for services for Georgia Pardini other than the costs for conductive education.  According to the Pardinis, our statement in our earlier decision that "the Pardinis are entitled to the cost of the conductive education that they purchased," Pardini, 420 F.3d at 192, did not limit the recovery of costs to only those incurred for conductive education, and they therefore are entitled to recover the costs for other types of services as well.

The Pardinis, however, have not identified any part of the record showing that they sought to recover costs for services other than conductive education or that the District Court denied any application for such costs.  See appellants' br. at 25-27.  Indeed, there is nothing in either the magistrate judge's memorandum dated August 18, 2006, or the District Court's order dated January 12, 2007, concerning the recovery of costs for services for Georgia other than those for conductive education.  We therefore find no basis for addressing whether the Pardinis are entitled to recover costs for services for Georgia other than the costs for conductive education.

## IV.  CONCLUSION

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in holding that the Pardinis are not entitled to attorney's fees.  We therefore will affirm the District Court's order of January 12, 2007.  No costs shall be allowed on this appeal.

————

13