**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1785
_____

AMERICAN BOARD OF SURGERY, INC.

v.

KEITH A. LASKO; AMERICAN BOARD OF GENERAL
SURGERY; ACADEMY OF SURGERY AND
AMERICAN COUNSEL OF GENERAL SURGEONS;
AMERICAN COUNCIL OF SURGICAL SPECIALISTS

Keith A. Lasko, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-01857)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2015

Before: RENDELL, GREENAWAY, Jr. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 15, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

PER CURIAM

Keith A. Lasko appeals pro se from the District Court's orders entering final judgment. We will affirm in part, vacate in part, and remand in the event that American Board of Surgery, Inc. ("ABS") may wish to pursue its motion for sanctions.

**I.**

Lasko is a former physician who lost his medical licenses for reasons not relevant here. ABS filed suit against Lasko for, inter alia, trademark infringement under the Lanham Act. ABS alleged that Lasko created corporations and websites with names confusingly similar to established medical organizations and then used them to sell illegitimate memberships and certifications. (Lasko had named one of his companies the "American Board of General Surgery.") ABS obtained a default judgment against Lasko on January 7, 2011, as a sanction for discovery violations. (ECF No. 46.) The January 7 order entered judgment against Lasko for approximately $175,000 and permanently enjoined him from continuing his illegal activities. The order was a final decision appealable under 28 U.S.C. § 1291, but Lasko did not appeal.

Instead, Lasko continued to engage in conduct prohibited by the injunction. On April 8, 2012, on ABS's motion, the District Court held Lasko in contempt and broadened its January 7, 2011 injunction. (ECF No. 54.) The court declined to impose sanctions but stated that ABS could seek them if Lasko continued to violate the injunction. Lasko appealed, and we affirmed both the finding of contempt and the modified injunction. See Am. Bd. of Surgery, Inc. v. Lasko, 532 F. App'x 66, 70

(3d Cir. 2013)

ABS later sought to depose Lasko in order to determine whether he was still violating the injunction, and the court directed him to appear for a deposition. (ECF No. 65.) Lasko refused and instead filed a motion to "dismiss the case" on the merits. ABS moved for monetary sanctions and to compel Lasko to appear. Lasko then filed six more motions, including additional motions to "dismiss" this action on the merits and a motion to disqualify the District Judge, but did not respond to ABS's motion for sanctions.

The court held a hearing on the parties' motions on February 26, 2014. Although the court permitted Lasko to appear from Nevada by video conference, Lasko failed to appear at all. (ECF No. 79.) Instead, he filed an "Emergency Motion for the Court to Justify Jurisdiction" two days later. (ECF No. 84.) On March 5, 2014, the court entered an order imposing a sanction of $7,120 on Lasko, denying his pending motions, and enjoining him from filing further motions in this case. (ECF No. 86.) The same day, the court entered a separate order providing, in relevant part, that "it appearing that defendant has no interest or intention of obeying the Orders of this Court, the Court is considering entering a final judgment in this case in the amount of the defendant's outstanding indebtedness to the plaintiff and terminating this action." (ECF No. 87.)

On May 17, 2014, the court entered a "final judgment" incorporating the terms of (1) its January 7, 2011 order entering default judgment against Lasko for approximately $175,000 and enjoining him from continuing his illegal activities; (2) its April 8, 2012 order holding Lasko in contempt and broadening the injunction; and (3) its March 5,

3

2014 order imposing the $7,120 sanction.  (ECF No. 91.)  ABS then filed a motion to amend the judgment to strike the $175,000 judgment against Lasko because he had discharged it in bankruptcy.  The District Court granted the motion and, on April 4, 2014, entered an "amended final judgment" that omitted the $175,000 judgment but that otherwise remained the same.  (ECF No. 99.)  Lasko filed timely notices of appeal from both the March 17 and the April 4 judgments.[1]

## II.

Lasko raises essentially four challenges on appeal.  He first challenges the terms of the District Court's injunction, which are reiterated in the final judgment.  As we previously noted, we lack jurisdiction over the initial injunction because Lasko failed to appeal from it (timely or otherwise).  See Am. Bd. of Surgery, 532 F. App'x at 68 n.1. Moreover, we have affirmed the District Court's modification of the injunction, see id. at 70, and the District Court's incorporation of the modified injunction "is not a fresh injunction" but "instead merely reiterates . . . the court's prior orders without creating new obligations."  Gautreaux v. Chi. Hous. Auth., 178 F.3d 951, 958 (7th Cir. 1999) (addressing 28 U.S.C. § 1292(a)(1)).  In addition, our affirmance of the District Court's modification of the injunction is law of the case.  See Pardini v. Allegheny Intermediate

---

[1] ABS disputes our jurisdiction in certain respects noted below in note 3, infra, but we note here that the District Court's March 17 and April 4 orders are final for purposes of 28 U.S.C. § 1291.  "Most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter," Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) (citation omitted), and there is no question that the District Court has done so here.

4

<u>Unit</u>, 524 F.3d 419, 426 (3d Cir. 2008). Lasko's belated assertion of previously available

arguments does not permit us to revisit the ruling of a prior Panel of this Court. <u>See</u> <u>id.</u>[2]

Lasko's second challenge is to the $7,120 sanction the court imposed in one of the

two orders entered on March 5 (ECF No. 86) and then included in its final orders entered

March 17 and April 4.[3] Although we certainly do not condone Lasko's conduct during

this litigation, we are constrained to vacate the sanction for three reasons.[4]

First, before being sanctioned, a party is entitled to notice of the reasons for

possible sanctions, the rule on which they might be based, and their potential form. <u>See</u>

<u>id.</u>; <u>Prosser v. Prosser</u>, 186 F.3d 403, 406 (3d Cir. 1999); <u>Martin v. Brown</u>,

---

[2] In the District Court, Lasko raised many of his present arguments in various motions that could be construed as seeking relief from the injunction under Fed. R. Civ. P. 60(b)(6). We find no basis to conclude they present "extraordinary circumstances" for purposes of Rule 60(b)(6). <u>Morris v. Horn</u>, 187 F.3d 333, 341 (3d Cir. 1999).

[3] ABS argues that we lack jurisdiction to review the sanction as well, but we disagree. Lasko also filed a notice of appeal from the District Court's March 17 final judgment on March 31, which makes it timely as to the March 5 order. <u>See</u> Fed. R. App. P. 4(a)(1). In any event, on the same day that the District Court entered its March 5 order imposing sanctions, it entered a separate order noting the sanction and notifying the parties that it was "considering entering a final judgment in this case in the amount of [Lasko's] outstanding indebtedness." (ECF No. 87.) The March 5 order thus was not appealable when entered because the District Court had not "completely disposed of the matter." <u>Ohntrup</u>, 802 F.2d at 678 (quotation marks omitted). The District Court later included the March 5 sanction as part of the final judgments from which Lasko appeals. Lasko's March 31 notice of appeal does not specifically mention the March 5 order, but we will liberally construe his pro se notice to bring it before us for review because there is a connection between the March 5 and March 17 orders, Lasko's intention to challenge the sanction is clear, and ABS has had an opportunity to brief the merits of the sanction (and in fact has done so). <u>See</u> <u>Powell v. Symons</u>, 680 F.3d 301, 306 n.2 (3d Cir. 2012).

[4] We review the sanction for abuse of discretion except to the extent that it raises due process issues of notice and an opportunity to respond, in which case our review is plenary. <u>See</u> <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 236 (3d Cir. 2001).

5

63 F.3d 1252, 1263-64 (3d Cir. 1995) ("[P]articularized notice of the grounds for the sanction under consideration is generally required."). ABS filed a motion seeking $2,000 under Federal Rule of Civil Procedure 37(d)(3) for Lasko's refusal to appear for a deposition. Shortly after the hearing on that motion, however, ABS submitted an affidavit stating that it had incurred approximately $7,120 in legal fees and expenses— not in appearing or arranging for Lasko's deposition, but in drafting its motion for sanctions, responding to motions that Lasko filed both before and after ABS filed its motion for sanctions, and preparing for and attending the hearing. ABS's affidavit did not request additional sanctions or identify any possible basis for such sanctions, and Lasko did not have a reasonable opportunity to respond to it in any event because the District Court issued its order imposing the $7,120 sanction the very next day. Imposition of that sanction under these circumstances was inappropriate because neither ABS's motion nor anything else of record put Lasko on notice that he faced anything other than a $2,000 sanction for failing to appear for a deposition. Cf. Ettinger & Assocs., LLC v. Miller (In re Miller), 730 F.3d 198, 205-06 (3d Cir. 2013) (holding that a party may not be sanctioned for post-motion conduct under the bankruptcy equivalent of Federal Rule of Civil Procedure 11). Although we cannot condone Lasko's conduct in repeatedly "fail[ing] to obey Orders of th[e District] Court," (ECF No. 86), ABS moved for sanctions under Rule 37(d)(3) and some of the conduct for which the District Court appears to have sanctioned Lasko is not sanctionable under that rule.[5] We also recognize,

---

[5] The rule provides that, if the court sanctions a party for failing to attend the party's own deposition, "the court must require the party failing to act . . . to pay the reasonable

however, that provided Lasko receives appropriate notice and an opportunity to respond on remand (and especially if he persists in violating the injunction or filing vexatious motions), further sanctions may be appropriate. See generally, e.g., Fed. R. Civ. P. 11; Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994); Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation.").

Finally, we cannot determine whether the court considered potential mitigating factors such as Lasko's apparent indigence.[6] We have held in the Rule 11 context that, in fashioning appropriate sanctions, courts should consider a party's financial resources and ability to pay. See DiPaolo v. Moran, 407 F.3d 140, 145-46 (3d Cir. 2005); Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 195-96 (3d Cir. 1988). We recognize, of course, that Lasko's failure to respond to ABS's motion for sanctions and his unjustified refusal to participate in the hearing on that motion greatly hampered the District Court's ability to consider his financial circumstances or other potentially relevant factors. And although we believe further consideration is required before imposing sanctions that would appear to subject a pro se litigant to "financial ruin,"

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The court here appears to have sanctioned Lasko in part for filing motions that were unrelated to his deposition.

[6] Lasko's motion to proceed in forma pauperis in this appeal (which we granted) states that he earns $844 per month in retirement income, has $830 in monthly expenses, and has $163 in the bank with no home, automobile, or other assets. An in forma pauperis application that he filed with the District Court in 2013 (which the District Court also granted) reflects similar financial circumstances and states that he lives on Social Security benefits and food stamps. (ECF No. 56.)

7

Doering, 857 F.2d at 196 (citation omitted), we reemphasize that we neither condone

Lasko's conduct nor hold that it is not sanctionable.[7]

Lasko's third challenge is to the ruling that he "shall not file any further motions

in this case with this Court." (ECF No. 86.)  We will vacate that ruling because a court

must provide a litigant with notice and an opportunity to respond before enjoining him

from filing documents with the court.  See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir.

1993).  Lasko lacked notice the court was considering such a step.[8] Moreover, anti-filing

injunctions are appropriate only in "exigent circumstances" and "must be narrowly

tailored to fit the particular circumstances of the case."  Id.[9]

---

[7] Lasko's status as a defendant rather than a plaintiff in this case poses challenges in fashioning an appropriate sanction, but we are confident that the District Court can tailor an appropriate sanction on remand if ABS elects to pursue its motion.

[8] The first mention of such a restriction came in a proposed form of order ABS's counsel drafted at the court's request.  That proposed order stated that Lasko "shall not file any further motions with this Court without prior approval of the Court."  (Appellee's App'x Exh. C.)  ABS's letter states that ABS served the proposed order on Lasko, but the District Court issued its order two business days later.

[9] The court prohibited Lasko from filing any further motions at all rather than from filing only on leave of court.  Although we have approved anti-filing prohibitions against vexatious litigants, we are not aware of decisions approving prohibitions without opportunity for seeking leave to file.  Cf., e.g., Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990); Chipps v. U.S. Dist. Ct., 882 F.2d 72, 73 (3d Cir. 1989). Nonetheless, Lasko should not take our ruling as license to resume filing motions raising inapposite, belated, or previously rejected arguments such as the motions he filed at ECF Nos. 73, 76, 80, and 84, or any argument we have rejected here.  We express no opinion on whether, if Lasko continues to raise such challenges or to file otherwise frivolous motions, the District Court may enjoin him from filing further documents in this case without leave of court.

Lasko's final argument is that the District Judge should have recused himself under 28 U.S.C. § 455(a) because his impartiality might reasonably be questioned.[10] This argument is meritless. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The District Court's rulings do not "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. To the contrary, while in some instances Lasko may have lacked full notice and an opportunity to respond, the orders have sought to manage litigation involving a pro se defendant who has clearly and repeatedly refused to comply with court orders and instead engaged in repetitious motion practice.[11]

**III.**

For the foregoing reasons, we will vacate the March 5, 2014 order (ECF No. 86) to the extent it prohibits Lasko from filing further motions in this case. We will also vacate that order and the March 17 and April 4, 2014 orders to the extent they impose a $7,120 sanction against Lasko. We will remand for further proceedings in the event that ABS may wish to pursue its motion for sanctions. We will otherwise affirm.

---

[10] Lasko's arguments are addressed to the Honorable Michael M. Baylson, who has presided over this case since October 23, 2013. Before then, this case was assigned to the Honorable Mitchell S. Goldberg. Judge Goldberg entered the orders imposing and modifying the injunction and requiring Lasko to appear for a post-judgment deposition.

[11] We have carefully reviewed, and now here reject, Lasko's remaining recusal arguments. First, it is neither improper nor unusual for a judge to ask counsel to draft a proposed form of order reflecting rulings that the judge already has announced. Second, we have no reason to believe Lasko's lawsuit in Nevada against Judge Goldberg requires Judge Baylson's disqualification.