NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-2951, 22-2974, 22-3386

_____

PYROTECHNICS MANAGEMENT, INC.,

Appellant in No. 22-2951

v.

XFX PYROTECHNICS LLC; FIRETEK

FIRETEK, Appellant in Nos. 22-2974 and 22-3386

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-19-cv-0893)
District Judge: Honorable Robert J. Colville

_____

Submitted Under Third Circuit L.A.R. 34.1(a) on Sept. 18, 2023

Before: RESTREPO, McKEE, RENDELL, *Circuit Judges*

(Opinion filed: February 1, 2024)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

These cross-appeals arise from a copyright dispute between competitors in the fireworks business. Pyrotechnics Management, Inc. ("Pyrotechnics") brought this action claiming fireTEK violated Pyrotechnics' copyright in the communication protocol fireTEK used to control fireworks displays.[1]

Pyrotechnics appeals the September 20, 2022 Judgment entered by the District Court. Additionally, fireTEK cross-appeals the District Court's Orders denying fireTEK's motions for attorneys' fees, for "return of the fireTEK router," for sanctions, and for striking fireTEK's motion for leave to file a counterclaim. *See* fireTEK Br. 7. For the reasons which follow, we affirm the challenged rulings.

**I.[2]**

On a previous interlocutory appeal in this case, fireTEK appealed the District Court's March 11, 2021 grant of a preliminary injunction preventing fireTEK from distributing Pyrotechnics' allegedly infringing product. *See Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*, 38 F.4th 331 (3d Cir. 2022) ("*Pyrotechnics I*"). On June 29, 2022, this Court issued a Precedential Opinion ("PO") holding that Pyrotechnics could not prevail on its copyright infringement claim. *Id.* at 341. Accordingly, *Pyrotechnics I*

---

[1] Although Pyrotechnics also brought this action against XFX Pyrotechnics, LLC ("XFX"), on Oct. 26, 2022 XFX filed a letter representing to this Court that it will not be participating in this appeal because XFX was dismissed from this case on Dec. 16, 2021.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338 (copyright law), and 1367 (supplemental jurisdiction). Pyrotechnics and fireTEK filed their respective appeals pursuant to our jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts).

vacated the District Court's preliminary injunction and remanded the case for the District Court to dismiss Pyrotechnics' copyright claim. *Id.* On July 26, 2022, this Court denied Pyrotechnics' petition for rehearing en banc or panel rehearing of *Pyrotechnics I,* and on August 12, 2022, our Court denied fireTEK's motion in this Court for attorneys' fees, to award costs, and for sanctions alleging Pyrotechnics filed a frivolous appeal.

In the meantime, fireTEK filed a motion for sanctions against Pyrotechnics in the District Court on December 24, 2021. On January 14, 2022, the Court denied that motion.

On March 7, 2022, fireTEK filed a motion for summary judgment. In addition, more than two years after it filed its Answer to Pyrotechnics' original Complaint, more than a year after fireTEK filed its Answer to Pyrotechnics' operative Amended Complaint, and after *Pyrotechnics I* was filed in June of 2022, fireTEK filed a motion on July 29, 2022 for leave to file a counterclaim. On July 13, 2022, fireTEK also filed a motion for release of its module, router, and bond.

On remand from fireTEK's appeal of the preliminary injunction and in accordance with *Pyrotechnics I*, the District Court on August 8, 2022 dismissed Pyrotechnics' copyright claim with prejudice. The Court's Order also granted fireTEK's request to release its bond associated with the prior preliminary injunction and deferred on ruling on fireTEK's motion to return its module and router.

Pyrotechnics then filed on August 15, 2022 a status report requesting that the Court approve Pyrotechnics' voluntary dismissal of its remaining pendent state law claims, for lack of supplemental jurisdiction in light of *Pyrotechnics I*. The Court granted

3

that request and issued an Order pursuant to Fed. R. Civ. P. 41(a)(2), dismissing Pyrotechnics' remaining claims against fireTEK.

The District Court subsequently denied as moot the parties' cross-motions for summary judgment on September 12, 2022 in light of the previous dismissal of all remaining claims and *Pyrotechnics I*. On that same date, the Court ordered stricken fireTEK's motion for leave to file a counterclaim because the motion failed to comply with the Court's standing order on motions practice which requires that each substantive motion shall be supported by a separate brief that contains the factual and legal support for the relief sought.

On September 15, 2022, the Court ordered the Clerk of Court to close the case, and on September 20, 2022, after the denial of fireTEK's motion to reopen the case, the Court entered a final Judgment, pursuant to Fed. R. Civ. P. 58.

On October 4, 2022, fireTEK filed a motion for attorneys' fees, based on the relief granted by *Pyrotechnics I* and the alleged bad faith frivolous nature of Pyrotechnics' claims. On October 20, 2022, Pyrotechnics filed this appeal from the September 20, 2022 Judgment.

On October 20, 2022, fireTEK filed a motion for the District Court to order Pyrotechnics to provide fireTEK with the wireless router Pyrotechnics had obtained during discovery, and on that same date, fireTEK appealed the denial of its motion for sanctions and its motion for leave to file a counterclaim. On December 13, 2022, the District Court denied fireTEK's motion for attorneys' fees and its motion for the wireless router. Three days later, fireTEK appealed from the denial of those two motions.

4

## II.

On appeal, Pyrotechnics challenges *Pyrotechnics I* and argues that its command codes are copyrightable. Pyrotechnics concedes that the issues raised now on appeal were addressed by this Court in *Pyrotechnics I*, and that "in substance, [this appeal] is a request to review the panel's decision in *Pyrotechnics I*, which dictated the district court result." *See* Pyrotechnics Br. 13; *see also id.* at 3 ("Pyrotechnics now seeks reversal of the panel's merits-precedential opinion in *Pyrotechnics I*[.]").

Third Circuit Internal Operating Procedure ("I.O.P.") 9.1 provides: "It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so." *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 426 (3d Cir. 2008) (quoting I.O.P. 9.1). Under I.O.P. 9.1, we are "not free to disregard the decision" in *Pyrotechnics I*. *United States v. Harris*, 68 F.4th 140, 146 (3d Cir. 2023).

"*En banc* consideration is the only means by which we can overrule our existing precedential authority, and even then, the full Court 'do[es] not overturn our precedents lightly.'" *Id.* (quoting *Al-Sharif v. U.S. Citizenship & Immigration Servs.*, 734 F.3d 207, 212 (3d Cir. 2013) (en banc)). "[T]his practice shows our Court's respect for the role of stare decisis and the predictability it affords." *Id.* (quoting *Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255, 267 (3d Cir. 2019)).

Here, Pyrotechnics has already filed a petition for rehearing en banc of *Pyrotechnics I*, and this Court denied the same. It appears Pyrotechnics now wants at least two bites of the proverbial apple.

The "law of the case" doctrine provides that "one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case." *Pardini*, 524 F.3d at 426 (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998)). Here, Pyrotechnics concedes that it is essentially requesting that we revisit and overrule the holdings of this Court's PO in *Pyrotechnics I*.

Consistent with I.O.P. 9.1 and the law of the case doctrine, we will not overrule *Pyrotechnics I*. "This case is governed by our [prior] decision." *Harris*, 68 F.4th at 146. Moreover, Pyrotechnics fails to demonstrate extraordinary circumstances warranting that the law of the case doctrine should not be applied here. *In re City of Phila. Litig.*, 158 F.3d at 718 (citing *Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997)). Pyrotechnics' request that we revisit the issues decided in *Pyrotechnics I* is denied, and we affirm the District Court's Judgment.[3]

## III.

---

[3] To the extent that Pyrotechnics requests that this appeal be heard as an initial en banc hearing, that request is denied. Obviously, this appeal is not currently before a full panel of this Court, and in any event, among other things, Pyrotechnics fails to show the required exigent circumstances or that this appeal presents a question of exceptional importance sufficient to warrant en banc hearing. *See* I.O.P. 9.2 and 9.4.1; Fed. R. App. P. 35(a). Moreover, we again point out that the full Court has already denied Pyrotechnics' prior motion for rehearing en banc. Thus, the full Court has already determined that the issues raised again here and in *Pyrotechnics I* do not warrant en banc treatment.

On appeal, fireTEK argues the District Court erred in failing to: award fireTEK attorneys' fees; provide fireTEK with the router obtained by Pyrotechnics during discovery; grant fireTEK leave to file a counterclaim; and sanction Pyrotechnics. We disagree.

In its motion for attorneys' fees, fireTEK contended in the District Court it was entitled to fees and costs under the Copyright Act. "The Copyright Act permits a discretionary award of attorneys' fees to the prevailing party in a copyright lawsuit." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 403 (3d Cir. 2016) (citing 17 U.S.C. § 505). Section 505 "clearly connotes discretion," and a district court may not "award[] attorney's fees as a matter of course." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Indeed, fireTEK acknowledges on appeal that "[n]o precise formula governs whether a court should exercise its discretion to grant attorneys' fees to the prevailing party." *See* fireTEK Br. 19 (citing *Fogerty*, 510 U.S. at 534).

As the District Court pointed out, the Supreme Court has identified "several nonexclusive factors" for courts to consider: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty*, 510 U.S. at 534 n.19). In addition, although a court retains discretion in giving due consideration to all the relevant circumstances, it "should give substantial weight to the objective reasonableness of the losing party's position." *Id.* at 199.

Here, after considering the relevant factors, the District Court properly found: "Given the procedural posture of the appeal, the complexity of the issue, and the robust litigation and briefing surrounding the copyrightability of the wireless router, we find that the award of attorneys' fees and costs is not warranted. [Pyrotechnics] did not act frivolously and was not improperly motivated." Appx. 103. As the Court pointed out, "[t]he Court originally held that Pyrotechnics' copyright was valid, that Pyrotechnics had a substantial likelihood of success on the merits, and that it was entitled to a preliminary injunction against [f]ireTEK" based on the evidence. *Id.* "Although the attempt to defend its asserted copyright has failed; if anything, it served to clarify the extent of the Copyright Act's protections." Appx. 104. The Court properly denied fees and costs in light of the totality of circumstances in this case. *See Kirtsaeng*, 579 U.S. at 203.

The Court also did not abuse its discretion in striking fireTEK's motion for leave to file a counterclaim where fireTEK violated the Court's standing order. An appellate court "owes deference to a district court's interpretation of its local rules," *see Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (quoting *Gov't of V.I. v. Mills*, 634 F.3d 746, 750 (3d Cir. 2011)), and "a district court's application and interpretation of its own local rules should generally be reviewed for abuse of discretion." *Id.*

Here, it is undisputed that fireTEK violated the Court's standing order, and the District Court was within its discretion to interpret and apply its local rules. *See id.* "It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules," *id.* at 614, and here, the Court did not abuse its discretion in doing so. *See Peters v. Del. River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1359 n.16

8

(3d Cir. 1994) (finding no abuse of discretion in denial of motion for leave to assert counterclaim); *Smith v. Oelenschlager*, 845 F.2d 1182, 1184-85 (3d Cir. 1988) (no abuse of discretion where district court dismissed motion for new trial as being noncompliant with procedural local rule, noting that "[a]ny other holding would undermine the power of the district courts to enforce their own local rules").

Next, fireTEK argues the District Court erred in denying its request for return of the wireless router provided to Pyrotechnics during discovery. In denying that request, the Court explained that it was co-defendant XFX that provided Pyrotechnics with the prototype fireTEK router for purposes of assisting an expert to determine whether the router violated the alleged copyright. The Court pointed out that it had held that the router was owned by XFX, that fireTEK still had failed to present a sufficient basis for the return of the item at the time of its request, and that at the time of the Court's denial of the request this litigation remained unresolved on appeal. Accordingly, the Court denied the motion at that time. The District Court did not abuse its discretion by declining to order Pyrotechnics to provide fireTEK with the router prototype that fireTEK's former co-defendant XFX produced to Pyrotechnics in discovery. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000) (reviewing district court's management of discovery for abuse of discretion).

Finally, fireTEK challenges the District Court's denial of sanctions regarding the handling of discovery material. In the District Court, fireTEK complained about alleged violations of a Protective Order by the way Pyrotechnics allegedly handled a module and sales documents that fireTEK had produced in discovery. At a status conference held on

9

January 12, 2022, counsel were given an opportunity to present evidence and make arguments in support of their respective positions on the sanctions motion.

Decisions on discovery-related sanctions are "entrusted to the discretion of the district court." *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007). Thus, this Court reviews sanctions decisions for abuse of discretion. *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 287 (3d Cir. 2010).

After carefully considering the evidence, which included the affidavit of Dan Barker, President of Pyrotechnics, and emails between counsel, the Court reasonably concluded that "the facts and circumstances of the alleged wrongdoing here [were] not sufficient to support imposition of sanctions." Appx. 90. The Court did "not view these matters as violative of any court order or rule, and even if a violation ha[d] been shown, there [was] inadequate evidence of any material harm to fireTEK resulting from such purported violations." *Id.* We find no abuse of discretion in the Court's denial of fireTEK's request for sanctions

**IV.**

Consistent with I.O.P. 9.1 and the law of the case doctrine, we will not overrule *Pyrotechnics I.* In addition, the District Court did not err in failing to award fireTEK attorneys' fees, provide fireTEK with the router obtained by Pyrotechnics during discovery, grant fireTEK leave to file a counterclaim, and sanction Pyrotechnics. Accordingly, we affirm.

10